# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JIMMY DALE JAMES                                                                           PLAINTIFF

v.                                         4:17CV00285-KGB-JTK

KENNETH ALEXANDER ROSS                                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff James filed this pro se 42 U.S.C. § 1983 action while incarcerated at the White County Detention Center (Jail), and the Court granted his Motion to proceed in forma pauperis on May 3, 2017 (Doc. No. 3). The Court also directed Plaintiff to file an Amended Complaint within thirty days of the date of the Order, noting that his allegations against Defendant failed to state a claim upon which relief could be granted (Id., p. 3-4). On May 9, 2017, Plaintiff notified the Court of a change in his address, which reflects a release from incarceration (Doc. No. 5). Documents mailed to him at the Jail were then sent to him at his new address. (Doc. Nos. 6-8) However, as of this date, Plaintiff has not submitted an Amended Complaint.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff complained in his Complaint that Defendant James threatened him and illegally withheld his mail. As noted in the May 3, 2017 Order, however, "[g]enerally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)). In addition, the "constitution does not protect against all intrusions on one's peace of mind. Fear of emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King, 117 F.3d at 1067 (quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)). With respect to Plaintiff's allegation about mail, he did not clarify what type of mail was held, whether it occurred more than once, or other facts such as how he was harmed. Therefore, absent additional facts in support of his claims, the Court finds Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendant be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.  The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 27th day of June, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.